COMMONWEALTH *vs.* CARLOS FONSECA MIRANDA. No. 93-P-1446. October 31, 1994. *Constitutional Law*, Admissions and confessions, Waiver of constitutional rights. *Waiver.*

After a jury trial in the Superior Court, the defendant was convicted of trafficking in over 200 grams of cocaine and trafficking in fourteen or more, but less than twenty-eight grams of cocaine. On appeal, the defendant claims that the Commonwealth failed to show that the proper Miranda warnings had been given before he made an incriminating statement. In particular, he argues that the police failed to inform him of his right to the presence of an attorney, either retained or appointed, during interrogation. We agree and reverse the judgment.

The relevant facts are not in dispute. At trial, a police officer testified that after arresting the defendant, he recited the Miranda warnings to the defendant from memory. The officer testified:

> "I told Mr. Miranda that [1] he had the right to remain silent and that [2] anything he said could be used against him in a court of law. I told him that [3] he had the right to an attorney. [4] If *he couldn't afford an attorney, one would be appointed to him at the cost of the Commonwealth.* I further went on to say that [5] he didn't have to speak to us." (Emphasis supplied.)

The officer then testified, over the defendant's objection,[1] that the defendant stated: "I'm not a drug dealer. I just do this to make money."[2]

In 1966, the Supreme Court in *Miranda* v. *Arizona*, 384 U.S. 436 (1966), decided that the privilege against self-incrimination under the

---

[1]The defendant did not file a pretrial motion to suppress his statement. Although it is preferred that a motion to suppress a statement be filed and decided before trial, "defendants have been permitted to rely upon an objection made at trial." *Commonwealth* v. *Rubio*, 27 Mass. App. Ct. 506, 511 (1989).

[2]At oral argument, the Commonwealth conceded that the defendant's statement was the result of a question by the officer and was not volunteered.

Fifth Amendment to the United States Constitution extends to State custodial interrogations. Without proper safeguards, the Court said, "the process of in-custody interrogation . . . contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." 384 U.S. at 467. Therefore, the Court prescribed the now-familiar safeguards in aid of a defendant's Fifth Amendment privilege. Included among those safeguards, were that the defendant "has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id.* at 479. See also *Withrow* v. *Williams*, 113 S. Ct. 1745, 1752 (1993).

More recently, in *Davis* v. *United States*, 114 S. Ct. 2350 (1994), the Supreme Court reaffirmed its holding in *Miranda* that the primary protection afforded suspects subject to custodial interrogation is the Miranda warnings themselves. The Court said, "a suspect subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and that the police must explain this right to him *before* questioning begins" (emphasis supplied). *Id.* at 2354. Therefore, the Commonwealth must demonstrate as a threshold matter, before the introduction of any statement which is a product of custodial interrogation, that the Miranda warnings were given and a waiver obtained. *Withrow* v. *Williams*, 113 S. Ct. at 1752.

Here, the officer's recitation of the Miranda warnings was not adequate. He never informed the defendant that he had the right to the *presence of an attorney, either retained or appointed, during any interrogation.* See LaFave & Israel, Criminal Procedure § 6.8 (1984). In these circumstances, the judgment must be reversed and the verdict set aside.

*So ordered.*

*William R. Hill, Jr.*, Committee for Public Counsel Services, for the defendant.

*Frank M. Gaziano*, Assistant Attorney General, for the Commonwealth.