NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-49                                                Appeals Court

COMMONWEALTH  vs.  WILLIAM LAJOIE.

No. 18-P-49.

Bristol.      September 10, 2018. - March 5, 2019.

Present:  Wolohojian, Lemire, & Englander, JJ.

Constitutional Law, Admissions and confessions, Waiver of
     constitutional rights.  Practice, Criminal, Admissions and
     confessions, Waiver, Motion to suppress.  Waiver.

     Indictments found and returned in the Superior Court
Department on March 14, 2013.

     A pretrial motion to suppress evidence was heard by Gregg
J. Pasquale, J.

     An application for leave to prosecute an interlocutory
appeal was allowed by Francis X. Spina, J., in the Supreme
Judicial Court for the county of Suffolk, and the appeal was
reported by him to the Appeals Court.

     Tara L. Johnston, Assistant District Attorney, for the
Commonwealth.
     Matthew Spurlock, Committee for Public Counsel Services,
for the defendant.

ENGLANDER, J.  Prior to a custodial interrogation, the defendant was read Miranda warnings[1] from a written form that did not comport in all particulars with the language employed by the United States Supreme Court.  As a result the motion judge ruled that although the defendant was advised of his "right to an attorney," he was not explicitly advised of his right to have an attorney present "during questioning."  The defendant's videotaped statements were accordingly suppressed.  We reverse, because rote adherence to the exact language of Miranda is not required, and because in this case the warnings "in their totality, satisfied Miranda."  Duckworth v. Eagan, 492 U.S. 195, 205 (1989).

Background.[2]  On November 7, 2012, the defendant was taken into custody at the Fall River police station, where he was interviewed by Detective Brian Cordiero about an incident that had occurred fifteen years earlier, involving sexual intercourse with a girl under the age of sixteen.  The interview was audio and video recorded.  The defendant admitted to having sexual intercourse with the girl but stated that she told him that she was nineteen, and that the sexual intercourse was consensual.

---

[1] See Miranda v. Arizona, 384 U.S. 436, 479 (1966).

[2] The facts are taken from the findings of the Superior Court judge.  They are not contested.

When asked if he was the father of the woman's now fifteen year old son, the defendant stated that his name was on the birth certificate but that he was not certain he was the father.

Prior to conducting the interview, Cordiero advised the defendant of his rights, which he read to the defendant from a form that the defendant later signed.  Cordiero advised the defendant:

"[1] You have the right to remain silent.

"[2] Anything you say can be used against you at trial.

"[3] You have the right to an attorney.

"[4] If you cannot afford an attorney, one will be appointed to you by the Commonwealth at no expense and prior to any questioning.

"[5] If you decide to waive your Fifth Amendment rights pursuant to Miranda, you may stop answering questions at any time if you so desire."

After reading each right, Cordiero asked the defendant if he understood the right, and the defendant answered that he did. Cordiero thereafter read a series of "presentment warnings," which informed the defendant of various additional rights including, for example, prompt presentment in court and the right to a bail hearing.  The motion judge found that "[t]he defendant stated that he understood all of the rights that were provided to him by Cordiero.  The defendant further stated that he wished to waive his Fifth Amendment rights and speak with

Cordiero." Thereafter the defendant signed the written form containing the rights that had been read to him. His signature appears under the heading "WAIVER OF MIRANDA WARNINGS."

The interview lasted thirty-one minutes. The motion judge found that Cordiero was pleasant and courteous "at all times." The judge also found that Cordiero engaged in no conduct such as intimidation, trickery, or promises of leniency. At one point Cordiero asked whether the defendant would consent to a buccal swab; the defendant stated that he would need to speak to his lawyer about whether to submit to the swab, but after Cordiero left the room the defendant almost immediately called Cordiero back in and consented.[3]

The defendant was indicted in March of 2013 on charges of, among other things, rape of a child with force, aggravated assault and battery by means of a dangerous weapon, assault with intent to rape, and violation of an abuse prevention order. The defendant moved to suppress the statements made during the videotaped interview, arguing in particular that the Miranda warnings he was given were defective. The motion judge held an evidentiary hearing and thereafter allowed the motion. Relevant

---

[3] Cordiero also testified that he had previously encountered the defendant in connection with an unrelated matter, and that on that prior occasion the defendant declined to speak with the police, "instead choosing to speak to his attorney."

here, the judge canvassed the Federal case law, and concluded that Miranda required that a suspect be "explicitly warned" that he had the right to counsel "during questioning," and that the warning at issue did not provide such an explicit warning. The judge also opined that such a result was consistent with the case law under the Massachusetts Declaration of Rights.

Discussion. The question is whether the warnings given to the defendant orally and in writing were fatally defective under Miranda. The Miranda opinion summarizes the warnings to be given as follows:

> "He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires."

Miranda v. Arizona, 384 U.S. 436, 479 (1966).

The motion judge's decision concludes that the warnings here "did not convey the right to the presence of an attorney during questioning." It is not entirely clear, however, what portion of the warnings the judge considered defective. At one point the decision seems to focus on the statement: "[i]f you cannot afford an attorney, one will be appointed to you by the Commonwealth at no expense and prior to any questioning." The implication is that the judge considered this warning defective because the right to a lawyer "prior to" any questioning does

not explicitly include "during."[4]  In this court, however, the defendant emphasizes a different portion of the warnings.  He argues that the defect arises because he was not given what is known as Miranda's third warning; that warning is "that he has the right to the presence of an attorney."  The third warning given to the defendant here was "you have the right to an attorney."  The difference the defendant focuses on is the omission of the three words -- "the presence of."  The contention is that being told "you have the right to an attorney," and that if you cannot afford an attorney, one will be appointed "prior to any questioning," is not sufficient to advise of the right to an attorney during questioning.

Contrary to defendant's argument, however, the United States Supreme Court has made clear that Miranda does not require that its warnings be given in "precise formulation." California v. Prysock, 453 U.S. 355, 359 (1981).  Indeed, the Supreme Court has three times addressed contentions that a particular set of Miranda warnings was inadequate, and each time it has held that warnings that varied in some way from Miranda's formulation were nevertheless adequate.  In Prysock, for example, the California Court of Appeals had held that the

---

[4] Note that this portion of the defendant's warning was nearly identical to the language in the Miranda opinion.

warning "you have the right to have a lawyer appointed to represent you at no cost to yourself" was defective because it failed to advise of the right to appointed counsel "before further questioning."  The Court reversed.  It rejected the notion that a "talismanic incantation" was required, emphasizing that Miranda itself contemplated that "equivalent" warnings would suffice.[5]  Id. at 359-360.

The Court next addressed the adequacy of particular warnings in Duckworth, 492 U.S. at 198.  Once again, the contention was that the warnings given in Duckworth about the right to appointed counsel did not convey that the suspect had that right prior to being questioned, because although the warnings stated "[y]ou have a right to talk to a lawyer for advice before we ask you any questions," the warnings later stated that "[w]e have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to court" (emphasis omitted).  Id.  The argument was that these warnings, taken together, implied that "only those accused who can afford an attorney have a right to have one present before

---

[5] In Prysock, the Court relied on other portions of the warnings given in that case.  Those other portions were more detailed than the language of Miranda, and advised of "the right to talk to a lawyer before you are questioned, have him present with you while you are questioned, and all during the questioning."  453 U.S. at 358.

answering any questions." Id. at 203. The Court again found the warnings sufficient. It emphasized that courts "need not examine Miranda warnings as if construing a will or defining the terms of easement." Id. Viewed "in their totality," the warnings in Duckworth satisfied Miranda, where one of the warnings described the right to counsel before being questioned, and another stated the suspect's right to stop answering "until [he] talk[ed] to a lawyer." Id. at 205, quoting Eagan v. Duckworth, 843 F.2d 1554, 1555-1556 (1988).

Finally, in Florida v. Powell, 559 U.S. 50 (2010), the Court addressed the warning "[y]ou have the right to talk to a lawyer before answering any of our questions," coupled with the statement "[y]ou have the right to use any of these rights any time you want during this interview." Id. at 54. As in this case, the warnings in Powell were challenged because they did not explicitly state that the suspect's right to consult with counsel continued during questioning. See id. Once again, the Court rejected the contention that the warnings were fatally defective: "Although the warnings were not the clearest possible formulation of Miranda's right-to-counsel advisement, they were sufficiently comprehensive and comprehensible when given a commonsense reading." Id. at 63.

Prysock, Duckworth, and Powell support the conclusion that the warnings given here were adequate to satisfy Miranda. Most

critically, those cases warn against the kind of overly technical review that the defendant employs here. Many different formulations of the warnings have been found adequate, as long as they convey the "equivalent" of Miranda's warnings.

No doubt, one could parse the warnings given in Prysock, Duckworth, and Powell and argue that the warnings in those cases contained more specific language regarding the right to counsel than the warning given in this case. But to do so would miss the most important teaching of those cases, which is that courts should focus on the totality of the warnings conveyed, rather than their precise form. That teaching can be derived from Miranda itself. It is true that the Miranda opinion emphasizes the importance of the ability to have a lawyer present "during any questioning." Miranda, 384 U.S. at 470. But when it came time to summarize what a suspect needed to be told, the Miranda opinion did not formulate the warning in terms of a right to counsel "during questioning"; rather, Miranda used the language, the "right to the presence of an attorney," without any temporal component. Id. at 479. No doubt, the Court saw the two formulations as equivalent. Thus, Miranda itself evidences no talismanic adherence to the "during questioning" formulation.

Applying these principles, we conclude that the warnings given here, in their totality, adequately conveyed the Miranda warnings, including the ability to have a lawyer present during

questioning.  First, the warning stated "you have the right to an attorney."  That warning is unequivocal, and unqualified.  Read literally, it states a right to a lawyer, and therefore a right to legal advice, at any time -- before, during, and after any questioning.  True, it does not include the three words from Miranda -- "the presence of."  But one might reasonably question how much those words add to the unequivocal, "you have the right to an attorney."[6]  And this is particularly so, where other portions of the warnings contain additional advice regarding the right to counsel.

In this case, we need not rest our conclusion solely on the warning, "you have the right to an attorney."  Here the defendant was also told of the right to have appointed counsel "prior to any questioning."  That statement reasonably confirmed to the defendant that his right to an attorney, previously stated, included both the right to the presence of counsel, and the right to consult with counsel about any questioning in advance.  Such is the import of the warnings themselves:  the suspect has a right to a lawyer; that right obtains prior to any

---

[6] Indeed, were those three words not specifically included in the Miranda opinion one could envision a defendant arguing that a warning containing "the presence of" was itself defective, and claiming that advising of the right to the "presence" of an attorney did not adequately convey the right to consult with the attorney.

questioning.  The warnings did not also need to say:  "your right to a lawyer includes the right to consult with a lawyer before, during, and after questioning and to have the lawyer physically present at all times."  Miranda did not require a parsing out of all subspecies of the right to counsel.  Moreover, the Supreme Court in Powell has already rejected the argument that advice of a right to counsel "prior to" questioning is defective for not stating "during."

In sum, viewed in their totality we believe the warnings adequately advised the defendant of his right to an attorney, including his right to consult with counsel and to have him or her present before, during and after questioning.  In so holding we note, as the Supreme Court did in Powell, that we are not sanctioning a retreat from Miranda; rather we find the warning adequate "because it communicated just what Miranda prescribed." Powell, 559 U.S. at 62 n.5.  While not the "clearest possible"

formulation, it conveyed the equivalent of the warnings required.[7],[8] Id. at 63.

We acknowledge that, in Commonwealth v. Miranda, 37 Mass. App. Ct. 939 (1994), we concluded that a Miranda warning was inadequate where the defendant was never "informed that he had the right to the presence of an attorney, either retained or appointed, during any interrogation." Id. at 940. The warning recited in Commonwealth v. Miranda differed materially from the warning at issue here, because although there the defendant was advised of his "right to an attorney," he was not also advised (as the defendant was here) of his right to appointed counsel "prior to any questioning." Moreover, we reached our conclusion in Commonwealth v. Miranda without examining whether, despite the missing language, the warnings as a whole reasonably conveyed to the defendant the protections to which he was

---

[7] There are several United States Courts of Appeals decisions that address warnings similar but not identical to those at issue here, and that arguably reach conflicting results. See United States v. Frankston, 83 F.3d 79 (4th Cir. 1996) (no Miranda violation); United States v. Caldwell, 954 F.2d 496 (8th Cir. 1992) (no Miranda violation); United States v. Noti, 731 F.2d 610 (9th Cir. 1984) (finding Miranda violation); Windsor v. United States, 389 F.2d 530 (5th Cir. 1968) (finding violation). These cases do not point to a particular result in this case. They are not directly on point, and predate at least the Powell decision.

[8] We note, approvingly, that we were advised at oral argument that since the events at issue the Fall River police department has revised the form at issue, so that it now conforms to the language of the warnings in Miranda.

entitled.  Subsequent to our decision in <u>Miranda</u>, the Supreme Court decided <u>Powell</u>, which made clear that a deficiency in the language of the warnings is not necessarily dispositive, but that the reasonable meaning of the warnings as a whole must be considered.  See 559 U.S. at 63.  We have taken that approach here.

The Supreme Judicial Court has not held that more precision is required under the Massachusetts Declaration of Rights than is required by the Federal Constitution, and we decline the defendant's invitation to extend beyond the Federal requirements here.  See <u>Commonwealth</u> v. <u>The Ngoc Tran</u>, 471 Mass. 179, 185 (2015) (citing and following standards from <u>Powell</u>, <u>Duckworth</u> and <u>Prysock</u>, and confirming that Miranda warnings need not be given word for word).  The Miranda warnings are directed to preserving the right of an accused against compelled self-incrimination.  In terms of the formulations of those warnings, the Federal case law has established the parameters, and has shown how to enforce their use.  Certainly the facts of this case evidence none of the concerns of overbearing custodial interrogation that led to <u>Miranda</u>'s requirements.  The statements at issue should not have been suppressed.

<u>Order allowing motion to</u>
<u>suppress reversed</u>.